IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIN G. CHAVEZ LOPEZ,

        Petitioner,

vs.

MICHAEL MYERS,

        Respondent.

**8:22CV114**

**MEMORANDUM AND ORDER**

    This matter is before me on initial review of Petitioner Din G. Chavez Lopez's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss the petition without prejudice.

    In his petition filed on March 31, 2022, Petitioner alleged he was serving a sentence for misdemeanor assault and battery in Douglas County Corrections ("DCC") in Omaha, Nebraska. Liberally construed, Petitioner claims that he did not receive jail credit to which he was entitled for time served between "02-24-2022 through 03-11-2022 [or] (14) days to be specific." (Filing 1 at CM/ECF p. 2.) For relief, Petitioner asks for $2,100 "for extra time incarcerated[,] $150.00 for each day[,] 14 days total amount." (*Id*. at CM/ECF p. 7.) Petitioner attached an Inmate Request Form to his petition in which he raised the issue of not receiving proper credit towards his sentence. In response, a DCC employee noted that Petitioner was serving two concurrent sentences:

    3/11/22 Cr 22-3902 120 days Credit 1

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

> 3/15/22 Cr 22-3004 90 days Cr 23 concurrent.

(*Id*. at CM/ECF p. 9.) The employee then wrote, "You must sit the longest sentence GTOD is 5/17/22." (*Id*.)

Petitioner's state court records, available to this court online, confirm that Petitioner was sentenced in Case Nos. CR22-3902 and CR22-3004 in the County Court of Douglas County, Nebraska for the terms reflected in the Inmate Request Form attached to the petition.[2] The court interprets the statement in the Inmate Request Form that "GTOD is 5/17/22" to mean that Petitioner's release date was May 17, 2022. A check of DCC's public inmate records returns no results in a search for Petitioner's name or data number. *See* https://corrections.dccorr.com/inmate-locator (last accessed July 18, 2022). Thus, it is apparent that Petitioner is no longer in DCC custody.[3]

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id*. (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration

---

[2] I take judicial notice of the state county court records related to this case in *State v. Chavez-Lopez*, No. CR22-3004 & No. CR22-3902, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

[3] Even if the court assumed Petitioner had to serve the full term of his longest sentence (120 days beginning March 11, 2022), Petitioner's term of confinement would have expired July 11, 2022.

> in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Petitioner has been released from DCC, I conclude this case is moot and must be dismissed. *See McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner). For the sake of completeness, I also note that Petitioner's requested relief of damages is not available in a federal habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that: The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued. The court will enter judgment by separate document.

Dated this 19th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge